

ORDERED in the Southern District of Florida on March 6, 2015.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

In re:

HECTOR RENE VALVERDE,              Case Number 14-34004-BKC-LMI
SSN XXX.XX.3221                    Chapter 7
MARGARITA VALVERDE,
SSN XXX.XX.5733

Debtors.
_____/

**ORDER GRANTING DEBTORS' MOTION TO DETERMINEVALUE OF SECURED CLAIMS AND TO STRIP OFF UNSECURED LIENS PURSUANT TO §506(a)&(d)**

The Court conducted a hearing on March 4, 2015 at 1:31 p.m., on the Debtors' *Motion to Determine Value of Secured Claims and to Strip Off Unsecured Liens Pursuant to 11 U.S.C. §506(a)&(d)* (the "Motion"). The Debtors have properly served the Motion and Notice of Hearing on Equity Preservation Funding, LLC the holder of the second mortgage which the Debtors seek to strip and PNC Bank, N.A. the holder of the third mortgage which the Debtors

Page 2 of 4.  *In re Hector Rene Valverde and Margarita Valverde*
Case No. 14-34004-BKC-LMI

seek to strip. Equity Preservation Funding, LLC and PNC Bank, N.A. did not file a response in opposition to the Motion or appear at the hearing.

With respect to the second mortgage on the Debtors' Homestead, prior to the commencement of this Chapter 7 case the Debtors borrowed the sum of $165,000.00 from National City Bank and executed a note dated February 14, 2005, to reflect this debt. Repayment of the note was secured by a Mortgage dated February 14, 2005 and recorded on March 1, 2005. The mortgage serves as a second lien against the Property. The Mortgage was recorded in the official public records for Miami-Dade County, Florida, Book No. 23125 at pages 0731-735. On April 8, 2013 an assignment of mortgage was recorded, assigning the mortgage to New Port Beach Holdings, LLC. The Assignment of Mortgage was recorded in the official public records for Miami-Dade County, Florida, Book No. 28569 at page 1254. On December 8, 2014 an assignment of mortgage was recorded, assigning the mortgage to Equity Preservation Funding, LLC. The Assignment of Mortgage was recorded in the official public records for Miami-Dade County, Florida, Book No. 29419 at page 533.

With respect to the third mortgage on the Debtors' Homestead, prior to the commencement of this Chapter 7 case the Debtors borrowed the sum of $138,250.00 from National City Bank and executed a note dated July 13, 2007, to reflect this debt. Repayment of the note was secured by a Mortgage dated July 13, 2007 and recorded on August 16, 2007. The mortgage serves as a third lien against the Property. The Mortgage was recorded in the official public records for Miami-Dade County, Florida, Book No. 25861 at pages 4871-4876.

The Property is located at 7225 SW 101 Court, Miami, FL 33173. The Property is legally described as follows:

> **Folio No.: 30-4032-022-0140**
> **Lot 2, Block 2, of Sandalwood Villas, according to the Plat thereof, recorded in Plat Book 103, at Page 24, of the Public Records of Miami-Dade County, FL.**

The Debtors allege that Wells Fargo Home Mortgage holds the first mortgage and is owed $280,000.00. Finally, the Debtors allege that the Property is only worth $181,848.00, leaving no equity to secure Equity Preservation Funding, LLC's second mortgage or PNC Bank, N.A's third mortgage. The Debtors seek an Order adopting these allegations, valuing Equity Preservation Funding, LLC's and PNC Bank, N.A's secured claims at zero, and extinguishing the second mortgage and third mortgage.

Because the Motion is unopposed, the Court adopts the Debtors' allegations as its findings and concludes that Equity Preservation Funding, LLC's second mortgage and PNC Bank, N.A's third mortgage are wholly unsecured claims. The Court concludes that the Debtors are legally entitled to the relief they seek, stripping off the second and third mortgages.

Therefore, it is –

**ORDERED** as follows:

1. The Debtors' *Motion to Determine Value of Secured Claims and to Strip off Unsecured Liens Pursuant to 11 U.S.C. §506(a)&(d)* is **GRANTED.**

2. Equity Preservation Funding, LLC's second mortgage claim is a wholly unsecured claim.

3. The lien securing Equity Preservation Funding, LLC's claim on the Property is deemed void and shall be extinguished automatically, without further court order, upon entry of the Debtors' discharge in this Chapter 7 case.

  4.  PNC Bank, N.A's third mortgage claim is a wholly unsecured claim.

  5.  The lien securing PNC Bank, N.A.'s claim on the Property is deemed void and shall be extinguished automatically, without further court order, upon entry of the Debtors' discharge in this Chapter 7 case.

###

Copy to:
Timothy S. Kingcade, Esq.
Attorney Kingcade is hereby directed to serve a copy
of this order on all interested parties immediately upon receipt.